UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,

v.                                                                                            Case No. 21-cr-20354-3
                                                                          District Judge Paul D. Borman

TAMAR WATKINS,

        Defendant.
_____/

## ORDER DENYING MOTION FOR REVOCATION OF DETENTION ORDER AFTER DETENTION HEARING ON JULY 1, 2021

Defendant is charged in Counts 1 and 4 of the 39-count indictment with:

        Count 1:  Racketeering Conspiracy; 18 U.S.C. §1962(d).

        Count 4:  Conspiracy to Distribute Controlled Substances, 21 U.S.C. §846.

If convicted of Count 4, he faces a 15-year mandatory minimum sentence. There is a presumption of detention on this drug conspiracy charge, 18 U.S.C. § 3142(c)(3), §3142(f)(1)(C).  While Defendant has proffered evidence seeking to rebut the presumption, the Court, after considering the defendant's proffer, the presumption and other evidence and factors discussed below, concludes that detention is warranted.

1

The Government is seeking detention on the basis of the risk of the defendant not appearing at future criminal proceedings, and on the basis of dangerousness to the community, if released. 18 U.S.C. §3142(f)(2)(A) & (B).

Indictment Overt Act #200 – a telephone recording of Defendant -- reveals his significant role within the Almighty Vice Lord Nation (AVLN) gang, which was founded in Chicago, and now has a chapter in Detroit.

Defendant has a very significant and serious criminal history.  In 1997, Defendant was convicted of murder in a Chicago Court.  In July, 2005, Defendant was convicted in this Federal District Courthouse for being a Felon in Possession of a Firearm: he was sentenced to 24 months in prison, followed by a three year term of supervised release.

More recently, Defendant has outstanding warrants for his failure to appear in local courts on misdemeanor violations in Jackson County, Ohio and Greensberg, Indiana in 2020.

Paragraph #184 of the instant indictment alleges that on December 10, 2020, Defendant sold approximately 27 grams of cocaine.

The Government was running pings on Defendant's cell phone which showed weekly travel to Chicago and back to Detroit.

The Government also proffered evidence that on the day of his initial appearance in this Court, he made threats against cooperators.

The Court has considered the Pretrial Services Report recommending release on conditions, but rejects that conclusion given the evidence before the Court.

The Court concludes by clear and convincing evidence that, if Defendant is released, no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

The Court concludes by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance in court as required.

In addition to the Court's finding set forth on the record at the hearing, the reasons for detention include the following:

1. Weight of evidence against the defendant not appearing, and being a danger to the community is strong.
2. Defendant is subject to lengthy period of incarceration if convicted.
3. Significant prior criminal history.
4. Participation in criminal activity while on parole or supervision.
5. History of violence, and possession of weapons.
6. Use of alias(es).

Accordingly, Defendant Tamar Watkins is ordered detained pending trial.

SO ORDERED.

DATED: July 8, 2021

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE